E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (908) 271-5071
Fax: (907) 271-1500
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 3:20-CR-00098-TMB-MMS |
|  | ) |  |
| DOUGLAS EDWARD RUDD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS, DKT. 30**

This Court should deny Defendant Douglas Rudd's Motion for a Bill of Particulars. Rudd's motion seeks to improperly obtain a preview of the Government's case-in-chief and theory of prosecution; demanding a line-by-line description of every statement, witness, exhibit, and fact the Government might present in this case. Well-settled case law establishes that a defendant is not entitled to such extensive discovery through a bill of particulars. A bill of particulars is appropriate only where it is necessary to prevent unfair

surprise at trial and to protect against double jeopardy in the event of successive prosecutions. In light of the Government's broad discovery practices in this case, and the lack of any cogent explanation by Rudd as to why his demands are necessary to guard against unfair surprise, there is no reason to take the unusual step of ordering the Government to do more in a bill of particulars. Rudd's motion should be denied.

1. **The legal standard for a bill of particulars.**

Under Fed. R. Crim. P. 7(f), "[t]he court may direct the government to file a bill of particulars." A bill of particulars serves three related functions: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). The determination of whether to grant a motion for a bill of particulars is within the sound discretion of the trial court. *Id*.

When evaluating a motion for a bill of particulars, the Court must consider whether the indictment, together with the discovery and all other disclosures by the Government, adequately apprise the defendant of the charges against him. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). To the extent that the indictment itself or other information disclosed by the Government adequately advises the defendant of the charges,

a bill of particulars is not required. *Id.* (citing *Giese* at 1180). The defendant must show that the denial of a bill of particulars would result in actual prejudice to him before the Court may grant such a motion. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987).

However, a defendant may not request a bill of particulars for the purpose of compelling the Government to provide additional discovery. *Giese* at 1181 (citing *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)). The purpose of a bill of particulars is merely to ensure that the defendant has been adequately informed of the Government's theory of the case; not to inform the defendant of all the evidence the Government intends to introduce at trial. *Id.*; *see also United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). A request for a bill of particulars cannot be used to "force [the] Government to spread its entire case before [the] accused." *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960).

   2. **Full discovery and a detailed indictment obviate any need for a bill of particulars in this case.**

"The purposes of a bill of particulars are satisfied where the indictment sufficiently details the charges and the government provides full discovery to the defense." *United States v. Ramos-Lopez*, 349 Fed.Appx. 166, 168 (9th Cir. 2009). In this case, both are true. The Government has provided Rudd with full discovery of all evidence in its possession

related to this case, including bank records detailing all the financial transactions that were part of the money laundering conspiracy. The Government has also provided Rudd with early disclosure of Jencks Act material under the terms of the protective order. "Full discovery also obviates the need for a bill of particulars." *Giese* at 1180. Significantly, Rudd does not dispute the adequacy of the Government's discovery.

The indictment also sufficiently details the charges to render any bill of particulars unnecessary. An indictment is generally sufficient if it sets forth the offense in the words of the statute itself. *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977). The indictment here is much more specific. For example, Count 1 of the indictment charges Rudd with money laundering conspiracy. Dkt. 2 at 2. Although Rudd claims that he is "without sufficient knowledge of the facts concerning the offense charged against him in count 1[,]" Dkt. 30-1 at 2, Counts 2 through 4 describe three specific financial transactions within the five-year statute of limitations and charge each as a separate instance of money laundering. *Id.* at 3. The Government does not need to prove or allege even a single overt act in a prosecution for money laundering conspiracy. *Whitfield v. United States*, 543 U.S. 209, 219 (2005). The indictment itself thus specifies far more than what the law requires.

//

//

### 3. Each of Rudd's 11 discovery demands is not the appropriate subject of a bill of particulars.

Rudd's bill of particulars is essentially a demand for still more discovery, listing 11 additional items of evidence Rudd seeks to compel the Government to produce. Rudd makes no meaningful attempt to tie any of these requests to any need to prepare for trial or to protect against double jeopardy from successive prosecutions. A review of the relevant case law demonstrates that a bill of particulars is not appropriate as a vehicle to discover any of these 11 requests:

(1) **The names and addresses of any coconspirators**. A defendant is not entitled to a bill of particulars to obtain the names of any unknown coconspirators. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (citing *Wilkins v. United States*, 376 F.2d 552, 562-63 (5th Cir. 1967)).

(2) **Overt acts committed in furtherance of the conspiracy**. A defendant is not entitled to a bill of particulars to delineate the over acts committed in furtherance of the conspiracy. *DiCesare* at 897 (citing *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965)). A conviction for money laundering conspiracy does not require proof of even a single overt act in furtherance of the conspiracy. *Whitfield* at 219.

(3) **Communications between coconspirators**. Under the Jencks Act, statements by witnesses or prospective witnesses are not discoverable at all until the witness has

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

testified on direct examination.  18 U.S.C. § 3500(a).  "The requirements for disclosing such witness statements are governed by the Jencks Act and the government's constitutional obligations to disclose exculpatory and impeachment material, and not by a bill of particulars."  *United States v. Johnson*, No. S1-4:18-cr-565-CDP, 2019 WL 2453825, *9 n. 8 (E.D. Mo. Mar. 28, 2019).  "[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."  *United States v. Trippe*, 171 F.Supp.2d 230, 240 (S.D.N.Y. 2001).

(4) **The time, location, and circumstances in which the defendant violated the law**.  "The government need not provide the time and circumstances under which it contends the defendant(s) violated the drug laws charged."  *United States v. Celestine*, 3:09-cr-065, 2010 WL 435822, at *1 (D. Alaska Feb. 2, 2010).  *See also United States v. Giese*, 597 F.2d at 1181 ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars").

(5) **The exact language the defendant used to commit the violations**.  A defendant cannot use a bill of particulars to request "specific evidence to be used by the government at trial[.]"  *United States v. Robinson*, 956 F.2d 1163, *1 (4th Cir. 1992).  A request for the exact language the defendant used at specific times is much too precise an

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 6 of 10

evidentiary question for a bill of particulars. *See Todorow v. United States*, 173 F.2d 439, 448 (9th Cir. 1949) (defendant's motion for a bill of particulars listing the "names of the persons to whom the forms, mentioned in the indictment, were given, the time place, and persons present, and the exact language of each application and purchase form involved… called for evidentiary matters, and in denying it, the Court did not abuse its discretion")

(6) **The identities of any unnamed coconspirators**. A bill of particulars is not a means by which to identify Government witnesses. *See United States v. Calabrese*, 825 F.2d at 1347 (defendant not entitled to a bill of particulars identifying government witnesses); *United State v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) (defendant not entitled to a bill of particulars listing government witnesses or unindicted co-conspirators).

(7) **Details regarding overt acts Rudd committed**. "A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which the government intends to prove the particular crime." *United States v. Celestine*, 3:09-cr-065, 2010 WL 435822, at *1 (D. Alaska Feb. 2, 2010) (quoting *Ellis v. United States*, 321 F.2d 931, 932 (9th Cir. 1963)). Nor can a defendant request a bill of particulars to obtain the exact dates during which the conspiracy operated or the over acts committed in furtherance of the conspiracy. *United States v. DiCesare* at 897 (citing *Cook v. United States*, 354 F.2d at 531). Moreover, "there is no requirement in conspiracy cases that the government

disclose even all the overt acts in furtherance of the conspiracy." *United States v. Giese*, 597 F.2d at 1180.

(8) **How the overt acts furthered the conspiracy**. A bill of particulars is not the appropriate means to detail the relationship between the specific overt acts and the broader conspiracy. *See Giese*, 597 F.2d at 1180 (defendant not entitled to a bill of particulars describing "how each of the 13 overt acts described in Count X contributed to the conspiracy").

(9) **Criminal records of Government witnesses**. Any criminal records of Government witnesses are classic discovery material and may not be obtained through a bill of particulars. *See United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980) (defendant not entitled to a bill of particulars listing the names, addresses, and criminal records of informants used in the case); *United States v. Hamilton*, 452 F.2d 472, 480 n. 10 (8th Cir. 1971) (it was unnecessary to grant the defendant's request for a bill of particulars that included the criminal records of coconspirators "since it was designed to discover evidentiary detail").

(10) **Any additional overt acts not included in the indictment**. The Government does not need to prove or even allege any overt acts in a prosecution for money laundering conspiracy. *Whitfield v. United States*, 543 U.S. at 219. "Particularly since the Government is not required to charge any overt acts in the indictment, the information

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 8 of 10

Case 3:20-cr-00098-TMB-MMS   Document 36   Filed 03/04/21   Page 8 of 10

provided on the face of count one is, itself, more detailed than defendants have a right to demand with respect to the overt acts enumerated therein." *United States v. Feola*, 651 F.Supp. 1068, 1133 (S.D.N.Y. 1987).

(11) **Whether the Government intends to present specific evidence at trial**. "An indictment need not allege the government's theory of the case or provide details as to the evidence the government intends to present at trial." *United States v. Celestine*, 3:09-cr-065, 2010 WL 435822, at *1 (D. Alaska Feb. 2, 2010) (citing *United States v. Musacchio*, 958 F.2d 782, 787 (9th Cir. 1991) ("the government was not required to… list supporting evidence to prove the crime alleged")).

4. **Conclusion.**

What Rudd seeks from the Government is a trial brief; a detailed description of exactly how it will prove its case at trial and each item of evidence it intends to introduce. There will come a time for greater specificity as the case draws nearer to trial, but that is not the purpose of a bill of particulars. Rudd's motion amounts to a series of discovery requests that go far beyond the limited purpose of a bill of particulars and that seem completely untethered to any need to eliminate unfair surprise or protect against double jeopardy. The United States respectfully asks this Honorable Court to deny Rudd's motion.

//

//

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

RESPECTFULLY SUBMITTED on March 4, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*/s Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2021 a true and correct copy of the foregoing was served electronically on the following:

| | |
|---|---|
| Allen N. Dayan | Counsel for Douglas Edward Rudd |
| Benjamin R. Crittenden | Counsel for Douglas Edward Rudd |

*/s Christopher D. Schroeder*
Christopher D. Schroeder
Office of the U.S. Attorney

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 10 of 10

Case 3:20-cr-00098-TMB-MMS   Document 36   Filed 03/04/21   Page 10 of 10