E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (908) 271-5071
Fax: (907) 271-1500
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:20-CR-00098-TMB-MMS ) |
| DOUGLAS EDWARD RUDD, | ) ) |
| Defendant. | ) ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXISTENCE [AND] SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY, OR PREFERENTIAL TREATMENT, DKT. 31**

This Court should deny Defendant Douglas Edward Rudd's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment, filed February 19, 2021, at Dkt. 31. Rudd's motion incorrectly implies that the prosecution has refused to discover the exculpatory information regarding promises, lenience, immunity, or preferential treatment. The prosecution has not refused to discovery

such information, nor would it refuse to discover such clearly exculpatory information for any witness who will be called to testify at trial. As such, Rudd's motion is moot.

The prosecution's duty to disclose all exculpatory information, including promises of leniency, immunity, preferential treatment, consideration, and all other matters affecting its witnesses' credibility, is well-settled and undisputed. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the failure of the prosecution to disclose evidence favorable to the defendant violated the Due Process Clause of the Fourteenth Amendment where the evidence was material to either guilt or punishment, regardless of the good or bad faith of the prosecutor. *Brady* at 87. In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Court recognized a separate but related obligation by the prosecution to disclose "evidence affecting credibility" of its witnesses. The prosecution's obligation in these respects is not dependent on a formal request. It exists for all material evidence "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

The Federal Rules of Criminal Procedure provide no authority for Rudd's Motion to Compel. In the civil context, Fed. R. Civ. P. 37 governs the propriety of the filing of a motion to compel discovery. Rule 37(a) provides that, on notice to other parties and all affected persons, "a party may move for an order compelling disclosure or discovery."

Fed. R. Civ. P. 37(a)(1). Importantly, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* L.Crim.R. 16.1(b) incorporates this requirement to criminal cases as well, requiring that "[a]ny motion for discovery must contain a certification that the parties have met and conferred and that the issues set out for decision in the motion are genuinely in dispute between the parties."

The Government has no desire to litigate a non-issue before this Court. As Fed. R. Civ. P. 37 makes clear by analogy, and L.Crim.R. 16.1(b) makes clear explicitly, the parties should only ask the Court to intervene when they have conferred and reached an impasse. The parties are most definitely not at an impasse here, as there have been no communications as to this issue or any other discovery disputes between the prosecution and defense. Certainly, this does not satisfy Rudd's duty to attempt to resolve discovery disputes with opposing counsel before seeking judicial intervention. The parties' goal should be to communicate before seeking time and attention from the Court.

The Government has every intention of disclosing all material and exculpatory evidence, including and especially all promises, plea agreements, sentencing concessions, and all other consideration and lenient treatment of witnesses it intends to call at trial. Indeed, the Government has employed an expanded discovery policy in this case, making

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 3 of 4

early disclosure of all Jencks Act material immediately after the indictment. The Government has also provided Rudd with all the cooperation agreements of its witnesses. The Government's early and liberal disclosures in this case render Rudd's motion moot. If Rudd desires to litigate this issue before the Court, his obligation by rule is to first confer with the prosecutor and attempt to obtain whatever discovery he thinks he lacks.

Based on the foregoing, the United States respectfully asks this Honorable Court to deny Rudd's motion.

RESPECTFULLY SUBMITTED on March 4, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*/s Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2021 a true and correct copy of the foregoing was served electronically on the following:

| | |
|---|---|
| Allen N. Dayan | Counsel for Douglas Edward Rudd |
| Benjamin R. Crittenden | Counsel for Douglas Edward Rudd |

*/s Christopher D. Schroeder*
Christopher D. Schroeder
Office of the U.S. Attorney

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS