E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (908) 271-5071
Fax: (907) 271-1500
Email:  christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 3:20-CR-00098-TMB-MMS |
|  | ) |  |
| DOUGLAS EDWARD RUDD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS SEARCH OF CONNEX STORAGE
CONTAINER NOT AUTHORIZED BY SEARCH WARRANT, DKT. 32**

This Court should deny Defendant Douglas Edward Rudd's Motion to Suppress the search of the storage containers located at 6885 South Hangar Talk Circle, Wasilla, Alaska. Investigators seized all the evidence identified in Rudd's motion – more than 24 kilograms of synthetic cannabinoids – from Rudd's residence at 6927 South Hangar Talk Circle, as authorized by the search warrant in this case. Investigators did not seize any evidence from

the storage containers on Rudd's adjacent property. Rudd's motion is moot because it seeks suppression of evidence that does not exist.

On April 29, 2020, law enforcement officers executed federal search warrant 3:20-mj-00220-DMS at Rudd's residence at 6927 South Hanger Talk Circle, Wasilla, Alaska. Attachment A of the warrant included two photographs of Rudd's residence, a tan building with green trim and a large hanger door:

 

*See* Exhibit 1. Attachment A of the warrant further specified that the area to be searched included "all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms or containers, trailers, trash containers, and outbuildings within the curtilage of and directly associated with 6927 South Hanger Talk Circle, Wasilla, Alaska." *Id.*

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 2 of 7
Case 3:20-cr-00098-TMB-MMS   Document 38   Filed 03/04/21   Page 2 of 7

During the execution of the search, investigators seized more than 24 kilograms of synthetic cannabinoids from the hanger area of Rudd's residence – the building depicted in the photographs above in Attachment A of the search warrant. The search warrant return includes the Anchorage Police Property Report. *See* Exhibit 2. On page 7 of that property report, the following drug items are listed:

| Exhibit | Drug Tag | Description | Other Descriptive Data | Net Weight (per DEA lab) |
|---|---|---|---|---|
| 1 | #1227130 | Spice from Hagngar [sic] area | N/E corner by Sgt. Briggs | No controlled substances |
| 2 | #1227131 | Spice Powder 5-Fluoro ADB (Cannabanoid) | Found in hangar shelf by Trooper Noll. FTPPP Nartec. | 947 g |
| 3 | #1227132 | Box of Spice | Shipper – J. Trujillo. Small Walmart box. Found N/E corner of hangar by Sgt. Briggs. | 4,823 g |
| 4 | #1227133 | Spice from Harbor Trading LLC | Found in Hangar N/E corner by Sgt. Briggs | 3,938 g |
| 5 | #1227134 | Spice from Hangar N/E corner | Shipper J Trujillo. Found by Sgt. Spitzer. | 14,116 g |
| 6 | #1227135 | Spice from SS mixing bowls in hangar | by Aldridge | 507 g |

As documented in the Property Report, all six of these items came from the hangar - the tan building with green trim and a large hanger door photographed in Attachment A. The

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS
Page 3 of 7
Case 3:20-cr-00098-TMB-MMS   Document 38   Filed 03/04/21   Page 3 of 7

DEA then relabeled those six drug items as Exhibits 1-6 as shown above and sent them to the DEA Western Laboratory for testing. *See* Exhibit 3; Exhibit 4.

As it happens, Rudd also owned the lot immediately to the northeast of his residence, a one-acre parcel at 6885 South Hangar Talk Circle. Rudd kept three large metal cargo containers, or "connexes," on that lot. Investigators checked those connexes for weapons or persons but did not seize any evidence from them.

Rudd does not offer any evidence to support his erroneous assertion that the drugs came from the connexes next door at 6885 South Hangar Talk Circle. As discussed above, the Anchorage Police Property Report (which Rudd attached to his motion at Dkt. 32-3) lists six drug items seized during the execution of the search warrant. The report describes all six items as being found in the hanger area of the residence. *See* Exhibit 2.

At Dkt. 32-4, Rudd cleverly juxtaposes photographs of two different Polaris snowmachines in a manner that makes it appear as if the drugs came from one of the connexes. The third photograph on the right side of Dkt. 34-2 depicts a snowmachine in the hangar with a bag of suspected drugs on the seat and with red shelves visible in the background. *See* Exhibit 5:

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 4 of 7
Case 3:20-cr-00098-TMB-MMS   Document 38   Filed 03/04/21   Page 4 of 7



Attached to this filing is a wide-angle photograph of that same snowmachine showing where investigators found it in the hangar. *See* Exhibit 6. The Court will note the red shelves in the background.



*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 5 of 7
Case 3:20-cr-00098-TMB-MMS   Document 38   Filed 03/04/21   Page 5 of 7

These two photographs above depict the same snowmachine in the hangar.

The other two photographs on the left and center of Rudd's Dkt. 32-4 depict a different snowmachine inside one of the connexes, with no drugs visible. The Court will note the absence of any such red shelves in the background. Rudd's careful positioning of these two photographs to make it appear as though they depict the same snowmachine with the drugs on top gives the inaccurate impression that the drugs came from the connexes. They did not. As the property report documents, all the drugs came from the hangar I Rudd's residence. Rudd's arrangement of these photographs represents the sum total of the evidence Rudd presents to this Court that investigators seized any evidence from the connexes at all.

Because the agents seized no physical evidence from the connexes on the lot next door at 6885 South Hangar Talk Circle, the motion to suppress any search of those containers is moot.

RESPECTFULLY SUBMITTED on March 4, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*/s Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
United States of America

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS

Page 6 of 7
Case 3:20-cr-00098-TMB-MMS   Document 38   Filed 03/04/21   Page 6 of 7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2021 a true and correct copy of the foregoing was served electronically on the following:

      Allen N. Dayan      Counsel for Douglas Edward Rudd
      Benjamin R. Crittenden      Counsel for Douglas Edward Rudd

*/s Christopher D. Schroeder*
Christopher D. Schroeder
Office of the U.S. Attorney

*U.S. v. Douglas Edward Rudd*
3:20-cr-00098-TMB-MMS