<pre>
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF ALASKA
</pre>

| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00098-TMB-MMS |
| Plaintiff, | |
| vs. | **ORDER ON MOTION FOR BILL OF PARTICULARS** |
| DOUGLAS RUDD, | **[Dkt. 30]** |
| Defendant. | |

## I. MOTION PRESENTED AND PROCEDURAL HISTORY

On October 23, 2020, a six-count indictment was filed in the District of Alaska charging Rudd with money laundering conspiracy, three counts of laundering of monetary instruments, and two counts of distribution of a controlled substance. [Dkt. 2] The indictment also included two criminal forfeiture allegations. [Dkt. 2]. A warrant for Rudd's arrest was issued and he was, subsequently, arrested on October 26, 2020. [Dkt. 5]. Rudd appeared before the undersigned magistrate judge on October 27, 2020 for an Arraignment on Indictment and Detention Hearing. After two extensions of the deadline for pretrial motions, Rudd, through cournsel, filed three motions: a Motion to Compel, Motion to Suppress, and Motion for Bill of Particulars.

The Motion for Bill of Particulars was filed 115 days after being arraigned. [Dkt. 30]. On March 4th, 2021, the Government filed a Response in Opposition to Rudd's Motion for Bill of Particulars simultaneously with Responses to the other two motions. [Dkt. 36].

On March 8th, Rudd, responded by filing an unopposed Motion for Leave to File Reply to the Government's Responses [Dkt. 40] which was granted on March 9th [Dkt. 41]. Rudd filed a Reply to the Government's Response regarding the Motion to Suppress [Dkt. 42] on March 15th, but he did not file a Reply regarding this Motion. The Court originally scheduled a hearing for Rudd's pending motions—including the instant Motion—for May 3rd, but that hearing has since been continued. Most recently, on June 20th the Government filed an unopposed Motion to Continue the evidentiary hearing to a future date [Dkt. 61], which the Court granted on June 21st [Dkt. 63]. After careful review of the requests in the instant Motion and the docket, this Court determines an evidentiary hearing on this matter is unnecessary.

In the Motion for Bill of Particulars, made pursuant to Fed. R. of Crim. P. 7(f), Rudd seeks an order requiring the Government to present him with a Bill of Particulars containing the following information [Dkt. 30 at 1-4]:

1. [Provide t]he names and addresses of any other principals, conspirators, confederates (hereinafter, "co-principals") who are known and have become known to the Government since the indictment was returned, and, if the identity of such persons is still unknown, but here or after should become known to the Government, to [*sic*] then promptly furnish such information to Rudd.

2. Describe and state the elements and acts of aiding, abetting, counseling, commanding, inducing or procuring alleged in Count 1 of the Indictment and what specifically did Rudd do to violate 18 U.S.C. 1956 (a)(1)(B)(i)and 21 USC 841 (a)(1) and 18 USC 1956 (h) as alleged in Count 1 of the Indictment.

*U.S. v. Rudd*, Case No. 3:20-cr-00098-TMB-MMS 2

3. Does the Government contend that there were any telephone calls, meetings, conferences, or other communications between co-principals other than those specifically alleged in Count 1? If so, describe each such telephone call, meeting, conference, or other communication setting forth as to each: (a) the date thereof; (b) the parties thereto; (c) the substance and purpose of the communication; and (d) the location of each of the parties to the communication at the time thereof.

4. State the time, location, and circumstances under which it is alleged that Rudd acted in violation of the above cited statutes.

5. State the exact language, word or words, allegedly used by Rudd which allegedly indicated or tend to indicate, that he unlawfully, willfully, and knowingly did aid, abet, counsel, command, induce or procure the commission of the alleged violation as cited above.

6. Were there any co-principals not named as defendants in the indictment? If so, identify such party or parties and describe the participation of each in the alleged offense.

7. Does the Government contend that Rudd actually committed any overt act in furtherance of the alleged violation of the above statutes? If so, state the following with regard to any such act: (a) the location and time thereof; (b) the substance of the act; (c) the purpose of the act; and (d) whether a representative of the United States or any other person allegedly saw Rudd commit the alleged act.

8. Describe in detail in what way do all the transactions listed in the table in Counts 2-4 of the Indictment allegedly used in furtherance of the alleged violations in Counts 2, 3, and 4; and state why these are from an illegal transaction.

9. Set forth the criminal record of any criminal informant or co-conspirator or confederate as contained in the files of the Federal Bureau of Investigation.

10. Set forth any additional overt acts which could have been included under Count 1, but were not, and about which the Government intends to present testimony at the trial.

11. Set forth whether the Government intends to present at the trial, evidence obtained by seizing boxes without a warrant from 6885 South Hanger Talk Circle, Wasilla, AK. Set forth the substance of such evidence and the legal authority for seizing it.

For the reasons explained below, Rudd's Motion for Bill of Particulars [Dkt. 30] is DENIED.

## II. ANALYSIS

**A.  Applicable Law**

Rudd's Motion for Bill of Particulars is made pursuant to Fed. R. of Crim. P. 7(f), which permits a court to direct the government to file a bill of particulars upon a motion from the defendant "within 14 days after arraignment or at a later time if the court permits."[1] A Motion for Bill of Particulars "is appropriate where a defendant requires

---

[1] Fed. R. Crim. P. 7(f). Rudd filed his Motion for Bill of Particulars on February 19th, 2021, 115 days after his arraignment, which occurred on October 27th, 2020. As Rule 7(f)

*U.S. v. Rudd*, Case No. 3:20-cr-00098-TMB-MMS                                                                             4

clarification in order to prepare a defense."[2] More specifically, per the Ninth Circuit, a bill of particulars serves three core functions:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.[3]

"[C]omplete discovery of the government's evidence… is not a purpose of the bill of particulars."[4] A court facing a motion for bill of particulars, accordingly, considers whether the defendant has been "advised adequately of the charges" by the sum of the government's disclosures, including those made in discovery.[5] Where the indictment is "reasonably detailed" or the government has provided full discovery pursuant to Fed. R. Crim. P. 16, a bill of particulars is unnecessary.[6]

---

permits a court to order a bill of particulars "at a later time," (i.e. beyond 14 days after the arraignment) this Court will review Rudd's Motion on its merits.
[2] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).
[3] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).
[4] *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). *See also United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case.").
[5] *Long*, 706 F.2d at 1054.
[6] *See Giese*, 597 F.2d at 1180; *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Ramos-Lopez*, 349 Fed. Appx. 166, 168 (9th Cir. 2009).

B.  **Rudd's Argument**

Rudd's underlying argument is that Count 1 of the indictment lacks sufficient factual detail to adequately allow him to prepare for trial.[7] Specifically, Rudd argues that the deficiency of facts related to Count 1 creates a risk of prejudicial surprise which makes it "impossible for [him] to proceed to trial herein without a definite and sufficient clarification of the issues which will be involved in the trial."[8] However, Rudd neither alleges with any specificity that the Government's post-indictment disclosures have been inadequate to inform him of the specific charges against him, nor explains how the information he seeks is more suited to a bill of particulars than a discovery request.[9]

Count 1 of the indictment alleges that Rudd violated 18 U.S.C. § 1956(h) by conspiring with persons known and unknown to conduct financial transactions involving the proceeds of the unlawful distribution of a controlled substance [in violation of 21 U.S.C. § 841(a)(1)],

(a) "with the intent to promote the carrying on of the unlawful distribution… in violation of 18 U.S.C. § 1956(a)(1)(A)(i)" and

---

[7] Rudd states that he "is without sufficient knowledge of the facts concerning the offense charged against him in [C]ount 1 [charging a violation of 18 U.S.C. § 1956(h), money laundering conspiracy]." Dkt. 30-1 at 2.
[8] Dkt. 30-1 at 2.
[9] Rudd cites to two cases in his Motion, *Giese* and *United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991), to establish that his argument is broadly consistent with the purposes of a bill of particulars. [Dkt. 30-1 at 2]. However, Rudd does not make any specific legal or factual analogies to either case in support of his request for a bill of particulars.

(b) "to conceal and disguise the nature, location, source, ownership, and control of the proceeds of [the unlawful distribution]… in violation of 18 U.S.C. § 1956(a)(1)(B)(i)."[10]

While Count 1 of the indictment does not identify any specific actions or transactions, a bill of particulars is intended to remedy insufficient specificity across the totality of government disclosures. For the purposes of a motion for bill of particulars, the sufficiency of the information in any count of the indictment may be read in the context of, and supplemented by, the government's other disclosures.[11]

Counts 2-4 of the indictment detail three discrete financial transactions that are allegedly in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i).[12] Counts 5-6 provide two distinct dates on or about which Rudd is alleged to have distributed a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1).[13] Reading Count 1 in the context of the facts detailed in the rest of the indictment—specifically the sections pertaining to Counts 2-6—there is sufficient factual detail to allow him to understand the alleged factual bases for Count 1, and thus prepare for a trial involving Count 1. Rudd has, accordingly, failed to demonstrate a need for a bill of particulars.[14]

---

[10] Dkt. 2 at 2.
[11] *See Long*, 706 F.2d at 1054.
[12] Dkt. 2 at 3.
[13] Dkt. 2 at 3-4.
[14] The Government also claims that Rudd has been given more context for Count 1 than is legally required to be present in the indictment, citing *Whitfield v. United States*, 543 U.S. 209, 219 (2005) to demonstrate that an indictment (and indeed a prosecution) for money laundering conspiracy does not require even a single allegation of an overt act. However, the legal sufficiency of an indictment is a separate issue from the appropriateness of a bill of particulars. An indictment may be too vague and indefinite to fulfill the three purposes

Even if additional details, beyond those provided in the indictment, *were* needed to allow Rudd to understand the factual bases for Count 1, "full discovery also obviates the need for a bill of particulars."[15] A timely motion for bill of particulars is filed within 14 days after an arraignment, at which point a criminal defendant may not have access to significant discovery.[16] A bill of particulars can thus serve as a bridge between a vague (but legally sufficient) indictment and full discovery, allowing a defendant to prepare a preliminary defense theory pending the results of discovery. When a motion for bill of particulars is filed *after* discovery is well under way, as in this case, however, such a bridge is no longer required.

The Government, in its Response in Opposition, reports that it has "provided Rudd with full discovery of all evidence in its possession related to this case, including bank records detailing all the financial transactions that were part of the money laundering conspiracy… [and] early disclosure of Jencks Act material."[17] Given that Rudd has not disputed the sufficiency of the Government's discovery disclosures, this Court concludes that full discovery has been provided, rendering a bill of particulars unnecessary.[18]

---

of a bill of particulars despite remaining legally sufficient per Fed. R. Crim. P. 7(c) and governing case-law.
[15] *Giese*, 597 F.2d at 1180.
[16] Fed. R. Crim. P. 7(f).
[17] Dkt. 36 at 3-4.
[18] Rudd's Motion for Bill of Particulars could be read to allude to deficiencies in discovery, given that Rudd claims to be "without a definite and sufficient clarification of the issues which will be involved in the trial." Dkt. 30-1 at 2. However, Rudd failed to file a timely reply to the Government's Response in Opposition to dispute the Government's explicit claims of full discovery. *See* Dkt. 41.

*U.S. v. Rudd*, Case No. 3:20-cr-00098-TMB-MMS                                              8

Finally, the information that Rudd seeks is appropriate for discovery, rather than a bill of particulars. Rudd requests a significant amount of specific information, including: (1) the names of co-conspirators, (2) details on particular acts committed, (3) details of communications between alleged conspirators, (4) times, locations, and circumstances of committed acts, (5) exact language used in furtherance of alleged violations, (6) unindicted co-conspirators, (7) details on any alleged overt acts within the scope of the indictment, (8) evidence of illegality of financial transactions, (9) criminal records of co-conspirators, (10) details on any alleged overt acts outside the scope of the indictment, (11) legal authority for presenting certain evidence (and substance of such).[19] The extent of these requests goes beyond the scope of minimum clarification that is necessary to discern the Government's theory of the case and prepare a defense for trial.[20] Instead, Rudd seeks to review much of the Government's evidence outside of the scope of Rule 16 and normal discovery procedures.[21] Further, the Government, in its Response in Opposition, cites legal and statutory authority rebutting the appropriateness of a bill of particulars as an alternative to discovery for each individual evidentiary request.[22]

---

[19] Dkt. 30 at 1-4.
[20] *See United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).
[21] Which is not a valid purpose for a bill of particulars. *Giese*, 597 F.2d at 1181. *See also United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule… A defendant… could thus bypass the Rule 16[] restriction[s] on discovery").
[22] Dkt. 36 at 5-9. *See, e.g.*, *United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) (names of co-conspirators, overt acts, exact times); 18 U.S.C. § 3500(a) (communications between co-conspirators); *Todorow v. United States*, 173 F.2d 439, 448 (9th Cir. 1949) (exact language); *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987) (identity of government witnesses); *United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986)

## III. CONCLUSION

Rudd's detailed request for Government evidence is far more consistent with a discovery request than a justification for a bill of particulars. Given that Rudd has not presented any compelling reasons or authorities to support his argument that a bill of particulars is the appropriate vehicle for such a request, this Court DENIES the Motion for Bill of Particulars [Dkt. 30], without prejudice.

DATED this 16th day of July, 2021, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
U.S. MAGISTRATE JUDGE

---

(unindicted co-conspirators); *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980) (criminal records of informants).